IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SYLVIA A. HILL,<br><br>               Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br><br>               Defendant. | Case No. 07-1028-MLB |

## MEMORANDUM AND ORDER

Before the court are the following:

1. U.S. Magistrate Judge John Thomas Reid's Recommendation and Report (Doc. 10); and

2. Defendant's objections (Doc. 11).

For the following reasons, defendant's objections are overruled, Judge Reid's recommendation and report is approved and the case is remanded pursuant to 42 U.S.C. § 405(g), sentence 4.

In his decision, the ALJ made the following finding with respect to the claimant's capacity to return to her job as a housekeeper:

> In determining claimant's capacity to perform her past relevant work, Social Security Rulings 82-62 (C.E. 1982) and 96-8p indicate that a direct comparison between Ms. Hill's retained capacities and the physical and mental demands of her past relevant work should be made. The administrative law judge has done this and finds that Ms. Hill can return to her job as a housekeeper.
>
> The Administrative Law Judge concludes that claimant held this job in the recent past; this work activity constituted substantial gainful activity; and she performed the work for a long enough time to have become proficient in it. Accordingly, since claimant can return to her past relevant work, the undersigned regrettably finds claimant is "not disabled" under the provisions of 20 CFR 404. 1520(f) and 416.920(f).

Magistrate Judge Reid determined that this statement did not comply with SSR 82-62.  Defendant disagrees, and ". . . objects to

remand for this purpose [i.e., compliance with SSR 82-62] as it elevates form over substance and does not add any evidence for the Court to review."

In <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1024 (10th Cir. 1996), the court observed:

> At the second phase of the step four analysis, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work. <u>See</u> <u>Henrie</u> <u>[v. United States Dep't of Health & Human Servs.</u>, 13 F.3d 359, 361 (10th Cir. 1993)]. To make the necessary findings, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, at 812. When the claimant has a mental impairment,
>> care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.
>
> <u>Id.</u> Here, the ALJ made no inquiry into, or any findings specifying, the mental demands of plaintiff's past relevant work, either as plaintiff actually performed the work or as it is customarily performed in the national economy.
>
> On appeal, the Secretary argues, relying on cases from outside this circuit, that plaintiff bore the responsibility for developing the record as to the demands of his past relevant work. Tenth Circuit law concerning the ALJ's duty of inquiry and factual development is, however, to the contrary. <u>See</u>, <u>e.g.</u>, <u>Washington [v. Shalala</u>, 37 F.3d 1437, 1442 (10th Cir. 1994)]. 1442; <u>Henrie</u>, 13 F.3d at 361. Further, the Secretary's own rule dictates that the ALJ make the necessary findings at phases two and three of the step four inquiry. See SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, at 813.

<u>Winfrey</u> has been consistently followed. <u>See</u> <u>Jordan v. Barnhart</u>, 2006 WL 3692458 *3 (10th Cir. Dec. 15, 2006), <u>Flores v. Apfel</u>, No. 99-2369, 2000 WL 1694301 *4 (10th Cir. Nov. 13, 2000) and <u>Clardy v. Barnhart</u>,

-2-

No. 03-2347, 2004 WL 737486 *6 (D . Kan. Apr. 5, 2004).

As Magistrate Judge Reid pointed out, upon remand the ALJ's decision may be the same. Indeed, except for the ALJ's failure to specifically comply with the requirements of SSR 82-62, his decision appears to be quite thorough and well-reasoned. Perhaps the failure to meet the requirements of SSR 82-62 was merely an oversight by an ALJ with a large caseload.

This having been said, the court does not agree with defendant that an ALJ's failure to comply with long-standing social security rulings should be subjected to a "form over substance" standard of review. Social security ALJs have difficult jobs. Indeed, to paraphrase the remark of the bobby in Gilbert and Sullivan's "Pirates of Penzance," a social security ALJ's lot may not be a happy one. This court does not especially enjoy working on social security appeals and takes no pleasure in ordering a remand, particularly when it appears that the ALJ's error was probably an oversight. Nevertheless, this court is required to follow applicable Tenth Circuit decisions. Defendant has not cited a Tenth Circuit case which establishes a "form over substance" standard of review. If defendant believes that such a standard should be adopted, he is free to appeal this court's ruling and argue for the adoption of such a standard.

The clerk is directed to enter judgment in accordance with this memorandum and order.

IT IS SO ORDERED.

Dated this ___1st___ day of November 2007, at Wichita, Kansas.

s/ Monti Belot

-3-

```
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE
```